FILED ___ LODGED
___ RECEIVED

JUL 10 2003

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY

Honorable Ronald B. Leighton

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT WASHINGTON AT TACOMA

| In re: | Chapter 13 No. 99-37362 |
|---|---|
| | Internal Appeal No. 02-007 |
| **MARK A. SCHNEIDER,** | BAP No. WW-02-1658 |
| | USDC No. CV03-5043RBL |
| Debtor. | **APPELLEE'S REPLY BRIEF** |

The Appellee, Mark A. Schneider, submits this Reply Brief:

**1. Jurisdictional Statement:** The Appellee agrees that this court has jurisdiction to resolve all matters in this appeal.

**2. Statement of Issues:** The Appellee believes that the issues framed by the Appellant are sufficient for the Court to resolve all issues in this appeal.

**3. Undisputed Procedural History:** The Appellant has correctly identified the procedural events and dates that are relevant to this Appeal.

**4. Statement of Facts:** The Appellant's Statement of Facts with respect to "misconduct" of the Debtor in connection with the confirmation of the Debtor's Chapter 13 Plan are not relevant to this Appeal for reasons set forth below. The only factual allegations or findings of any relevance, in Appellee's



03-CV-05043-BR


ORIGINAL

F:\WPWIN61\CLIENTS\SCHNEI-M\SMREPLY.BRF

Law Offices of
**BEECHER & CONNIFF**
615 Commerce
Suite 150
Tacoma, Washington 98402
Telephone: (253) 627-0132
Fax: (253) 572-3427

opinion, is that the Court observed that the document examiner's (Mr Nishimura) report was dated in November 2001. (Rep Proc, page 14, lines 15-21).

**5. Standard of Review:** An Appellate Court reviews a Bankruptcy Court's decision on dismissal of cases for abuse of discretion. *In Re Leavitt*, 171 F 3.d 1219 (9th Cir 1998), citing *In re Marsch*, 36 F.3d 825, 828 (9th Cir 1994) and *In Re Morimoto*, 171 BR 85 (9th Cir 1994). To the extent that the trial court's ruling was based on conclusions of law the standard of review is de novo. *In Re Pace*, 56 F.3d 1170 (9th Cir 1995).

**6. Did the Bankruptcy Court err in Denying Dismissal and/or Conversion?** The Appellant suggests in his brief that the Court erred in denying dismissal and/or conversion when presented with allegations that the Debtor was engaged in some misconduct in connection with the contested confirmation of his Plan. The affidavit of the Appellant (CP - 3, paragraphs 3 through 8) alleges that the Debtor engaged in misconduct during and following the confirmation of his Plan. It is not disputed that the Plan was confirmed by entry of an order on April 5, 2001. The Report of the document examiner, attached as an exhibit to the Appellants Affidavit, was dated November 5, 2001. At the November 26, 2002 hearing the trial Court observed:

"... if I took as true the examiner's conclusion, the neat category into which to place that is confirmation procured by fraud. The problem with that is there's a 180 - day time limit on doing anything about that. When I've got a specific code provision that covers that sort of thing, I'm reluctant to say, well, I can't revoke confirmation now, which is the standard and congressional prescribed remedy for that situation...Why would Congress provide, essentially, capital punishment for debtors for this kind of situation, but put a finite fairly close time limit on it. I'm trying to figure out why that should outside the time limit still be treated as the basis for dismissal." TR, page 8, lines 2-18.

**Appellee's Reply Brief - 2**

F:\WPWIN61\CLIENTS\SCHNEI-M\SMREPLY.BRF

Law Offices of
**BEECHER & CONNIFF**
615 Commerce
Suite 150
Tacoma, Washington 98402
Telephone: (253) 627-0132
Fax: (253) 572-3427

The Court concluded in denying the motion to dismiss:

"I do think that I am confined by the Code where the Code sets out a 180 - day bar for revoking confirmation. And, I appreciate the argument that, well, dismissal is not the same as revocation of confirmation. But it seems to me that I'd have to read congressional intent without anything more saying that's the worst thing we can do. So, if you can't do that beyond 180 days, I don't think I can dismiss for something that would lead to revocation of confirmation." TR, page 14, lines 5-14.

The Court's ruling is consistent with the clear requirements of Section 1330(a): "On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud." In general, confirmation of a plan is *res judicata*, as to all justiciable issues which were or could have been decided at the confirmation hearing. *In re Ivory*, 70 F.3d 73 (9th Cir 1995). Applying *res judicata* to confirmation orders enforces the doctrine of finality as expressed in 1327(a). See *In re Lochamy*, 197 BR 384 (Bankr. N.D. Ga. 1995). See also *In Re Ritacco*, 210 BR 595 (Bankr. Or. 1997). In *Ritacco*, the court was faced with a situation where a Plaintiff had knowledge of a basis for challenging confirmation and failed to object. The Creditor was precluded from using that as a basis to claim fraud after confirmation. The issue of the loan from the Appellee's father was before the Court at the confirmation hearing. Affidavit of Appellant, para 2, page 2 (CP - 3). The Section 1330, 180 - day bar precluded the Court from revoking confirmation at the November 6, 2002 hearing.

**7. Does Section 105 Give the Court Authority to Dismiss?**  The Appellee suggests that the Court is precluded from exercising it's equitable powers under Section 105 to dismiss the case where the plain meaning of section 1330 appears to be conclusive. The Supreme Court has said in the context of interpreting the Bankruptcy Code, " the plain meaning of legislation should be conclusive, except in 'rare

**Appellee's Reply Brief - 3**

F:\WPWIN61\CLIENTS\SCHNEI-M\SMREPLY.BRF

Law Offices of
**BEECHER & CONNIFF**
615 Commerce
Suite 150
Tacoma, Washington 98402
Telephone: (253) 627-0132
Fax: (253) 572-3427

cases [in which] the literal application of the statute will produce a result demonstrably at odds with the intention of its drafters.' *U.S. vs Ron Pair Enters., Inc,* 489 US 235,242. The fact that a bankruptcy proceeding is equitable does not give the judge a free-floating discretion to redistribute rights in accordance with his or her personal views of justice and fairness. *In Re Chicago, Milwaukee, and St Paul RR,* 791 F.2 528 (7th Cir 1986). The Appellant suggests that Court should have declared that "equitable tolling" principles should be applicable to this case to prevent injustice. The trial Court took this into consideration in its November, 2002 ruling, observing that: " I do see now that there is a date on Mr Nishimura's report in November 2001 which was probably either at the edge or just outside the 180 days from confirmation. But, apparently the handwriting samples were obtained sometime in mid April or late April. So it wasn't anything the debtor did that led us to being outside that time limit." TR, page 14, lines 15-22. There is nothing in the record to suggest that the Appellee engaged in any conduct that would invoke the equitable tolling principles suggested by the Appellant and it appears the court was mindful of this issue before rendering his ruling in November 2002.

**8. Section 349 Does Not Establish a Basis for Dismissal:** Section 349 simply discusses the "effect" of dismissal. This Code section does permit a Court to impose bars to refiling a subsequent case but, standing alone, does not establish a basis for dismissal, only a basis for denial of refiling .

**9. Conclusion:** This is not a complicated case from a legal or factual standpoint. All issues of good faith, veracity of the Debtor, and other matters that the Court was required to consider under section 1325 were before the Court prior to the original Confirmation hearing. Matters raised by the Appellant could and should have been raised at the original confirmation hearing. The record does not establish that the Debtor engaged in any acts which would invoke the doctrine of equitable tolling. The lower court favored the Appellant by assuming as true the allegations of misconduct against the Debtor in issuing its

Appellee's Reply Brief - 4

F:\WPWIN61\CLIENTS\SCHNEI-M\SMREPLY.BRF

Law Offices of
**BEECHER & CONNIFF**
615 Commerce
Suite 150
Tacoma, Washington 98402
Telephone: (253) 627-0132
Fax: (253) 572-3427

1 ruling. As a matter of law the Court was bound by the limitation of Section 1330. The Court cannot

2 exercise its equitable powers in the face of a statute which clearly controls the situation before the Court.

3 On this basis, the Order denying Dismissal should be affirmed.

Dated: July 9, 2003

                                          **William L. Beecher**, WSBA 3673
                                          Attorney for Debtor

**Appellee's Reply Brief - 5**

F:\WPWIN61\CLIENTS\SCHNEI-M\SMREPLY.BRF

Law Offices of
**BEECHER & CONNIFF**
615 Commerce
Suite 150
Tacoma, Washington 98402
Telephone: (253) 627-0132
Fax: (253) 572-3427

**Honorable Ronald B. Leighton**

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re: | Chapter 13 No. 99-37362 |
| | Internal Appeal No. 02-007 |
| **MARK A. SCHNEIDER,** | BAP No. WW-02-1658 |
| | USDC No. CV03-5043RBL |
| Debtor. | **DECLARATION OF SERVICE** |

KRISTIN GRANTHAM, under penalty of perjury, states and declares as follows: That she is over the age of eighteen years and not a party interested in the above proceedings. That she is regularly employed as a legal secretary for the law firm of Beecher & Conniff. That on July 9, 2003, she deposited in the mails of the United States, in a properly addressed and stamped envelope, a true and correct copy of the *Appellee's Reply Brief* to:

Thomas P. Quinlan
Attorney at Law
1019 Regents Blvd #204
Fircrest, WA 98466

Dated: July 9, 2003

KRISTIN GRANTHAM

FILED ___ LODGED
___ RECEIVED
JUL 1 0 2003
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

**Declaration of Service**

F:\WPWIN61\CLIENTS\SCHNEI-M\SMRPLY.DEC

**ORIGINAL**

Law Offices of
**BEECHER & CONNIFF**
615 Commerce
Suite 150
Tacoma, Washington 98402
Telephone: (253) 627-0132
Fax: (253) 572-3427